**FILED**
JAN - 4 2005
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KCEP I, L.P., ) <br> ) <br> Defendant. ) | Case: 2:06-x-50009 <br> Assigned To : Tarnow, Arthur J <br> Assign. Date : 01/04/2006 <br> Description: OTH UNITED <br> STATES V. KCEPI LP |

## CONSENT ORDER OF RECEIVERSHIP

WHEREAS, it has been determined and adjudicated that KCEP I, L.P., the holder of the U.S. Small Business Administration's Small Business Investment Company License No. 07/77-0096, has a condition of Capital Impairment, as that term is defined under Title 13 of the Code of Federal Regulations, Part 107; and

WHEREAS, the Licensee and SBA have determined that, after eleven years of existence as a Small Business Investment Company during which most of the assets have been resolved, the only mutually agreeable method by which to distribute the assets of the Licensee to the appropriate creditors and SBA is through the appointment of SBA as the receiver of the Licensee pursuant to this Consent Order of Receivership;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of KCEP I, L.P. ("the Licensee"), and all of its assets and property, of whatever kind and wherever located, and SBA is hereby appointed Receiver of the Licensee ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of the Licensee's

assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Licensee under applicable state and federal law, by the Limited Partnership Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Licensee are hereby dismissed and the powers of any general partners are hereby suspended during the pendency of the receivership. Such persons and entities shall have no authority with respect to the Licensee's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Licensee and shall pursue and preserve all of its claims.

3.  The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Licensee. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Licensee, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to the Licensee and all of the Licensee's assets and all other assets and property of the limited partnership,

whether real or personal. The Licensee's general partner shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of the Licensee, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Licensee, as well as the names, addresses and amounts of claims of all known creditors of the Licensee. Within thirty (30) days following the entry of this Order, the Licensee's general partner shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of the Licensee are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Licensee, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to the Licensee shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Licensee had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of the Licensee, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such

terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payment to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. The Licensee's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of the Licensee, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Licensee. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions,

default proceedings, or other actions of any nature involving the Licensee or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.  All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Licensee, including subsidiaries, or any assets of the Licensee, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of the Licensee against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8.      The Licensee and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of the Licensee to the detriment the Licensee or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 *et. seq.*, or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. § 107.1 *et. seq.*

9.      The Receiver is authorized to borrow on behalf of the Licensee, from the SBA, up to $1,000,000.00 and is authorized to cause the Licensee to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of the Licensee, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Licensee.

10.     This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and the Regulations, as alleged in the Complaint filed against the Licensee in the instant action, to obtain the relief so requested. After the foregoing activities are completed, the Receiver may submit a report to the Court recommending that the Licensee's SBIC license be revoked. SBA's

rights to prioritized payments and future profits are not altered through the entry of this Order.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   December 20, 2005
Kansas City, Missouri

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case: 2:06-x-50009 |
| Plaintiff, ) | Assigned To : Tarnow, Arthur J |
| ) | Assign. Date : 01/04/2006 |
| v. ) | Description: OTH UNITED |
| ) | STATES V. KCEPI LP |
| KCEP I, L.P., ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

**FILED**
**JAN - 4 2005**
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

1.  This is a civil action brought by the United States on behalf of the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

2.  Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3.  Defendant, KCEP I, L.P. (hereinafter, "KCEP", "Licensee" or "Defendant"), the holder of SBA's Small Business Investment Company License No. 07/77-0096, is a Kansas limited partnership formed on or about June 21, 1994, and maintains its principal office at 233 West 47th Street, Kansas City, Missouri 64112. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4.  The Licensee was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301 (c) of the Act, 15 U.S.C. § 681 (c), on September 19, 1994, SBA License No. 07/77-0096, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5.  Section 308 (c) of the Act, 15 U.S.C. § 687 (c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6.  The Licensee's Limited Partnership Agreement expressly provides that the Licensee was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7.  Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

8.  Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to the Licensee through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,881,385.62, plus prioritized payments of $8,032,061.23.

9.  Compliance with the terms of Leverage provided by SBA required that the Licensee not have a condition of Capital Impairment, as that term is defined under the Regulations.

10. According to audited financial information provided by the Licensee to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. § 107.630, the Licensee has a condition of Capital Impairment.

11. SBA afforded the Licensee an opportunity to cure its condition of Capital Impairment and the Licensee has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

12. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee such as KCEP may be forfeited and the company may be declared dissolved.

13. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a licensee such as KCEP, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such licensee.

## SUBSTANTIVE ALLEGATIONS

14. Paragraphs 1 through 13 are adopted herein by reference.

15. The Licensee has an uncured condition of Capital Impairment as that term is defined under the Regulations.

16. SBA has determined that the Licensee is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

17. SBA has determined that the Licensee is in violation of the Regulations, 13 C.F.R. §§ 107.1830(b) and 507(a).

18. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of the Licensee for the purposes of liquidating the Licensee and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining the Licensee, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of the Licensee, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate the Licensee's noncompliance with the Act and the Regulations promulgated thereunder, and that such determination constitutes sufficient grounds for the requested relief

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of the Licensee and all of its assets, wherever located, appoint SBA as receiver of the Licensee for the purpose of marshaling and liquidating the assets of the Licensee and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That upon the liquidation of the Licensee and the completion of the receivership, the Licensee's SBIC license may be revoked.

E. That this Court grant such other relief as may be deemed just and equitable.

> Respectfully submitted,
>
> Todd P. Graves
> United States Attorney
>
> By: */s/ E. Eugene Harrison*
> E. Eugene Harrison, Bar No. 26923
> Assistant United States Attorney
> Charles Evans Whittaker Courthouse
> 400 East Ninth Street, Room 5510
> Kansas City, Missouri 64106
> Telephone: (816) 426-3130
> Facsimile: (816) 426-3165
>
> U.S. SMALL BUSINESS ADMINISTRATION
>
> By: */s/ E. Eugene Harrison*
> For: Andrea L. Mayer
> Trial Attorney
> U.S. Small Business Administration
> 409 Third Street, S.W., 7th Floor
> Washington, D.C. 20416
> Telephone: (202) 205-6876
> Facsimile: (202) 481-0210
>
> ATTORNEYS FOR PLAINTIFF

5